998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David J. Heldstab, Plaintiff-Appellant,
v.
City of Milwaukee and John Doe, Unknown and Unidentified
Members of the Department of Building Inspection and Safety
Engineering of the City of Milwaukee, denominated as John
Doe 1-7, in their respective individual capacities and in
their respective official capacities, Defendants-Appellees.
 No. 92-3488.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 21, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 David Heldstab sued the City of Milwaukee and several unnamed civil servants claiming they violated his civil rights by selectively and repeatedly inspecting his property and ordering him to conform to certain building code regulations. 42 U.S.C. § 1983. His complaint consisted of the following claims: The defendants' inspections of his properties was a retaliatory policy designed to stop other litigation against the city that he was then pursuing; the defendants violated the equal protection clause by inspecting only non-owner occupied buildings; the defendants denied him due process by issuing orders to conform to the building codes without first inspecting the properties; the defendants shut off his water supply without first holding a hearing. For trial the court limited the issues to "(1) retaliatory prosecution in enforcement of building code ordinances, and (2) violation of substantive due process rights when plaintiff's water was turned off." Pretrial Order at 1. At trial Heldstab examined several city employees about the procedures for inspecting properties and reporting the inspections. He also took the stand himself and offered testimony under general questioning from the court. At the end of Heldstab's case the defendants moved for a judgment as a matter of law. Fed.R.Civ.P. 50(a). The court granted the motion, holding that nothing in Heldstab's case apart from his own allegations indicated that the defendants' actions constituted a policy of retaliation against Heldstab. The court also held that the defendants had given Heldstab adequate notice before shutting off his water supply. Heldstab now appeals from that ruling and includes other arguments in his appeal.
 
 
 2
 Heldstab first contests the court's formulation of the issues for trial and its elimination from the issues for trial of two of the claims in his complaint. Under Federal Rule of Civil Procedure 16(c)(1) the parties to a pretrial conference may "consider and take action with respect to ... the formulation and simplification of the issues, including the elimination of frivolous claims or defenses." The order that came out of the pretrial conference narrowed the issues to the two issues quoted above. Nothing in the record shows that Heldstab objected to this formulation, and nothing about the formulation of the issues tried and the elimination of the frivolous issues offends Rule 16(c)(1). See 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1525 at 241-42 (1990).
 
 
 3
 Heldstab's principal contention is that the court erred by granting the defendants' motion for judgment as a matter of law. We review this issue de novo, considering the evidence in the light most favorable to the party that opposed the motion. We will reverse the judgment only if there is enough evidence to support a verdict for the opponent of the motion. Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1471 (7th Cir.1993).
 
 
 4
 To establish his claim that the defendants were inspecting his properties in retaliation for his pending lawsuits, Heldstab had to show by a preponderance of the evidence that the inspections were indeed retaliatory. Rakovich v. Wade, 850 F.2d 1180, 1189 (7th Cir.1988) (en banc). This he failed to do. His witnesses did testify about the practices of inspecting properties in general and his property specifically, but nothing in their testimony even hinted at a retaliatory motive for the inspections and orders issued on his properties. He offers a list of factual disputes that he says leave open the question of retaliation, but these are simply his own assertions. He offers nothing else to back his contentions. Moreover, to make a constitutional claim against the City of Milwaukee he must have shown that it was the City's official policy to single him out for inspection because of his pending suits. Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Because there no evidence of an official policy nor evidence of retaliation, we cannot say that Heldstab presented enough evidence to support a verdict in his favor.
 
 
 5
 Heldstab also maintains that the court erred by holding that the evidence showed that the City adequately notified him before shutting off his water supply. Heldstab claims that Memphis Light, Gas and Water Division v. Kraft, 436 U.S. 1 (1978), requires utilities to offer a hearing before they can cut off services to a user. This case is nothing like Kraft. In Kraft the Court was concerned that inadequate notice had been given about established administrative procedures for resolving a dispute over a bill. Milwaukee shut off Heldstab's water because he would not let them read his meter, nor would he tell them what the meter reading was. There is not even a dispute here, just a recalcitrant landlord who will not give the City information that it needs to run its water utilities. For this Heldstab had adequate notice of how he could solve his problems.
 
 
 6
 Heldstab contests other aspects of the way the court handled this case, but he does not support those arguments as required by Federal Rule of Appellate Procedure 28(a). Nothing in the record illuminates these claims, either.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record